**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **WILLIAM RANDOLPH TISDALE, JR,** ) | |
| **ID # 30888-177,** ) | |
|     **Petitioner,** ) | |
| ) | **No. 3:11-CV-3267-P (BH)** |
| **vs.** ) | **No. 3:09-CR-0247-P(2)** |
| ) | |
| **UNITED STATE OF AMERICA,** ) | Referred to U.S. Magistrate Judge |
|     **Respondent.** ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be denied.

**I.  BACKGROUND**

Petitioner, a federal pretrial detainee currently incarcerated at the Federal Correctional Institute in Seagoville, Texas, brings this habeas action under 28 U.S.C. § 2241 to challenge his pretrial detention in Cause No. 3:09-CR-0247-P(2). He names the United States of America as respondent.

While serving a sentence of imprisonment in Cause No. 3:03-CR-248-R, movant was indicted in Cause No. 3:09-CR-247-P on September 1, 2009. Contending that petitioner was scheduled to be released from prison on September 30, 2011, the government moved to detain him pending trial in Cause No. 3:09-CR-0247-P on August 22, 2011. After a hearing on September 1, 2011, the motion was granted, and petitioner was ordered detained pending trial by order dated September 6, 2011. (*See* doc. 360).[1] Petitioner did not seek review of the detention order in the

---

[1] Unless otherwise noted, document numbers refer to the docket number assigned in the underlying criminal action.

criminal case.

On November 28, 2011, petitioner filed his *pro se* § 2241 habeas petition seeking relief from his pretrial detention, contending that he should have been granted bail in his criminal case. (Petition (Pet.) at 1).

## II. ANALYSIS

Petitioner relies on the Fifth Circuit's decision in *Fassler v. United States*, 858 F.2d 1016 (5th Cir. 1998), as a basis for his petition. (Petition (Pet.) at 1-2).

Fassler, a federal pretrial detainee, appealed a magistrate judge's order of detention to the district judge pursuant to 18 U.S.C. § 3145,[2] and the district court affirmed the detention order. *Id.* at 1017. He did not appeal the order affirming detention to the Fifth Circuit, and instead filed a motion for writ of habeas corpus in the district court. *Id.* The district court treated the motion as a § 2241 petition and denied it, and Fassler appealed the denial to the Fifth Circuit. *Id.* The Fifth Circuit began by noting that the fact that it had jurisdiction did not mean that Fassler had elected the appropriate remedy for pretrial detention, and that he had bypassed the expedited appeal procedure for pretrial detention orders set forth in the Bail Reform Act. *Id.* Nevertheless, it stated:

> Acting cautiously, we decline to hold that § 3145 provides the *exclusive* means by which a person under indictment can challenge his pretrial detention. Nevertheless, the terms of the Bail Reform Act and potential for abuse of the writ and for unnecessary duplication of appeals, as demonstrated below, should ordinarily provide strong incentive for defendants to employ Section 3145 appeals.

*Id.* at 1018 (emphasis original). The Fifth Circuit declined the government's request to hold that Fassler had abused the writ because his approach was "novel and not wholly without merit" but

---

[2]Section 3145(b) provides that a person ordered detained by a magistrate judge may file a motion for revocation or amendment of the detention order. 18 U.S.C. § 3145(b). If the district judge denies the motion for revocation or amendment of the detention order, the detainee may appeal the decision to the Fifth Circuit as provided by 18 U.S.C. § 3145(c) and 28 U.S.C. § 1291.

cautioned that "[s]imilar indulgences will not be afforded criminal appellants in the future." *Id*. at 1019.

While the Fifth Circuit did not hold that § 3145 provides the only means for a federal prisoner to challenge a pretrial detention order, it made clear that § 3145 is the preferred and appropriate means. Petitioner has not availed himself of his right under § 3145 to appeal the detention order to the district judge and the Fifth Circuit. His § 2241 petition should be dismissed.[3]

### III. RECOMMENDATION

The Court should **DISMISS** the petition filed pursuant to 28 U.S.C. § 2241 without prejudice to petitioner appealing his pretrial detention order pursuant to 18 U.S.C. § 3145.

**SIGNED this 12th day of December, 2011.**

                                                            IRMA CARRILLO RAMIREZ
                                                           UNITED STATES MAGISTRATE JUDGE

---

[3] Petitioner also invokes the Administrative Procedures Act, 5 U.S.C. § 701 et seq. (APA), purporting to challenge the final agency decision of the Department of Justice to oppose bail. He is actually challenging a judicial order of detention, however, so the APA does not apply. A court order is not a final agency action for purposes of the APA because federal courts are specifically excluded from the APA's definition of "agency". *See Vanger Zee v. Reno*, 73 F.3d 1365 (5th Cir. 1996).

3

...

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE